**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMBER I. MCRANEY,

    Plaintiff,

v.                                                        Case No. 3:17-cv-339-J-34PDB

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

    Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court on Magistrate Judge Patricia D. Barksdale's Report and Recommendation (Doc. 25; Report), entered on August 22, 2018. In the Report, Magistrate Judge Barksdale finds that remand for reconsideration is unwarranted and recommends that the Acting Commissioner of Social Security's (the Commissioner's) decision be affirmed. See Report at 23, 25, 27, 31, 34, 36, 41-42. Plaintiff filed Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 26; Objections) on September 5, 2018. The Commissioner then filed Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 27; Response) on September 14, 2018. As such, the matter is ripe for the Court's consideration.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993;

See also 28 U.S.C. § 636(b)(1)). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:08-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

The Court has reviewed the Report, the Objections, and the Response. In the Objections, Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in "finding that jobs exist in significant numbers in the national economy that Plaintiff can perform despite her need for a sit/stand option," "failing to develop the record regarding intellectual disability and illiteracy," and failing to incorporate into Plaintiff's residual functional capacity ("RFC") Plaintiff's limitations with respect to her "ability to sustain [an] ordinary routine without special supervision, to maintain attention and concentration for extended periods, to accept instructions and respond appropriately to criticism from supervisors, to get along with coworkers or peers without distracting them or exhibiting behavior extremes, or to respond appropriately to changes in the workplace." See Objections at 1, 3, 6-7. Plaintiff's arguments largely mirror those raised in her original memorandum before the Magistrate Judge. See Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. 20; Plaintiff's Memorandum) at 13, 21-22. The Court adopts Magistrate Judge Barksdale's reasoning and conclusions with respect to each of these arguments. See Report at 18-23, 31-34.

With respect to Plaintiff's second argument, in particular, the Court adopts the Magistrate Judge's finding that the ALJ did not err in failing to order an IQ test. See Report at 41. Similarly, the Court finds that the ALJ did not err in failing to obtain Plaintiff's school records. Here, like the ALJ in Oliver v. Comm'r of Soc. Sec., No. 5:16-cv-683-Oc-18PRL,

2017 WL 6062919 (M.D. Fla. Nov. 20, 2017), adopted, 2017 WL 6210722 (M.D. Fla. Dec. 7, 2017), "the ALJ had sufficient evidence regarding [p]laintiff's intellectual functioning to decide the case." Id. at **2-3. In Oliver, the court noted that in addition to considering a medical evaluation, "the ALJ also considered [p]laintiff's own testimony, the nature and extent of [p]laintiff's activities of daily living, various hospital records, a physical consultative examination by [a physician], and the opinions of state agency medical consultants." Id. at *3; see also Pruitt v. Comm'r of Soc. Sec., No. 2:08CV211-SRW, 2009 WL 3241845, at *4 (M.D. Ala. Oct. 1, 2009) (finding that where the record "was sufficient to support [the ALJ's] conclusion that plaintiff had the intellectual capacity to perform her past relevant work as a 'cleaner/housekeeper . . . [the] failure to order IQ testing or obtain school records" was not reversible error). As in Oliver, the ALJ's conclusion that Plaintiff's impairments do not rise to the level of a listed disability in 20 C.F.R. Pt. 404, Subpart. P, App'x 1, § 12.05A is supported by substantial evidence. Notably, the ALJ determined that "[n]o State agency reviewer, consultant, or examiner has concluded that [Plaintiff] has an impairment severe enough to meet or equal a listing," and that "[n]o treating physician has credibly" reached this conclusion. See Tr. at 53. In addition, the ALJ considered Plaintiff's testimony and medical records to determine that she "remains capable of living independently within her household, parenting her young daughter, adequately tending to her personal care needs, preparing meals, performing routine household chores, driving, shopping, and managing financial transactions," "maintains relationships with others and regularly visits her mother," "drives, cooks, grocery shops, [and] manages financial transactions." Id. Because the record was fully developed, the ALJ did not err in failing to obtain Plaintiff's school records.

Upon independent review of the file and for the reasons stated in Judge Barksdale's Report, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by Judge Barksdale. Accordingly, it is hereby

**ORDERED:**

1. The objections set forth in Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 26) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 25) is **ADOPTED** as the opinion of the Court.[1]

3. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) **AFFIRMING** the Commissioner's final decision and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of September, 2018.

MARCIA MORALES HOWARD
United States District Judge

LC25
Copies to:
Counsel of Record

---

[1] In doing so, the Court makes a single modification replacing the first sentence and citation in footnote 24 on page 40 of the Report with the following: The Eleventh Circuit has held that "[t]here may be an implied finding that a claimant does not meet a listing." Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) (citing Edwards v. Heckler, 736 F.2d 625, 629 (11th Cir. 1984)).

- 4 -